# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10148

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2014

Lyle W. Cayce
Clerk

CHASITY MEDLOCK,

> Plaintiff - Appellant

v.

ACE CASH EXPRESS, INCORPORATED,

> Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-2616

Before REAVLEY, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Appellant, Chasity Medlock ("Medlock"), appeals the district court's grant of summary judgment in favor of Appellee, Ace Cash Express, Inc. ("Ace") in this Title VII retaliation action. The issue on appeal is whether the district court was correct in concluding that Ace had a legitimate, non-retaliatory

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10148

reason for terminating Medlock's employment.  We agree with the district court and AFFIRM.

## I.

Medlock was employed by ACE from February 2005 until she was terminated for sexual harassment in August 2011.  Medlock held the position of Supervisor in the back-end collections department at the time of her discharge.  Medlock was one of 25 employees in the back-end collections department that Ace terminated from March 2011 through December 2011 for policy violations including, but not limited to, neglect of duty, insubordination, falsification of records, inappropriate sexual conduct, and drug and alcohol use.  Medlock was terminated after a report that she exposed her breasts to another department supervisor.  After exhausting her administrative remedies, Medlock filed a Title VII discrimination lawsuit based on race, sex and retaliation against Ace in the U.S. District Court for the Northern District of Texas, but the race discrimination claim was ultimately dismissed by joint stipulation of the parties.  Ace then filed a motion for summary judgment as to Medlock's remaining sex discrimination and retaliation claims, which the district court granted.

## II.

We review the grant of summary judgment *de novo*, viewing the evidence in a light most favorable to the non-moving party. *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal*, 736 F.3d at 400 (citation omitted).

No. 14-10148

III.

On appeal, Medlock fails to raise or argue the Title VII sex discrimination claim. Thus we consider this issue abandoned. *See Webb v. Investacorp, Inc.*, 89 F.3d 252, 257, n.2 (5th Cir. 1996).

Accordingly, we proceed to the retaliation claim. Medlock argues that she was fired because: (1) she encouraged two subordinate employees to report sexual harassment by Supervisor Harold Walker to Human Resources; and (2) she confronted Walker about one of those allegations. This court has held that the *McDonnell Douglas* burden shifting framework applies to Title VII retaliation claims. *See Royal,* 736 F.3d at 400 (citation omitted). *McDonnell Douglas* requires that:

> (1) first, the employee must demonstrate a prima facie case of retaliation; (2) the burden then shifts to the employer, who must state a legitimate non-retaliatory reason for the employment action; and (3) if that burden is satisfied, the burden then ultimately falls to the employee to establish that the employer's stated reason is actually a pretext for unlawful retaliation.

*Id.* In order to demonstrate a prima facie case of retaliation, Medlock must prove "(1) she engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action." *Id.* The district court, reviewing the evidence in a light most favorable to Medlock, assumed, *arguendo*, that Medlock established a prima facie case of retaliation. While Medlock's termination was clearly an adverse employment action and, by opposing sexual harassment, Medlock was engaged in protected activity, the evidence does not clearly show that Medlock met the causation standard.

"Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in § 2000e–2(m)." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533

(2013).  In order to show that retaliation was the "but-for" reason for her termination, Medlock would have to show that Ace was aware of her involvement in the protected activity.  This court has held that "[i]f an employer is unaware of an employee's protected conduct at the time of the adverse employment action, the employer plainly could not have retaliated against the employee based on that conduct." *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 168 (5th Cir. 1999) (citation omitted).

The decision to terminate Medlock was made by Elizabeth Lalli Reese, the Human Resources Director and Robert King, the Vice President of Loan Collections.  Both Reese and King testified that they were unaware of Medlock's involvement in opposing sexual harassment allegations against Walker.  Medlock admittedly did not report the allegations against Walker to Human Resources or to either of her superiors.  Further, the evidence does not show that any other employee reported these instances to Reese or King.  Alternatively, Medlock attempts to impute Walker's retaliatory animus to King using the cat's paw theory of liability.  *See Haire v. Bd. of Supervisors of La. Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 366 n.11 (5th Cir. 2013) (citations omitted).  The district court carefully analyzed this assertion and correctly concluded that even if this theory still applied to Title VII retaliation cases in light of *Nassar*'s heightened causation standard, Medlock did not meet the "but-for" causation standard.  With no evidence that retaliation was the "but-for" cause of her discharge, Medlock does not establish a prima facie case of retaliation.

However, even assuming, *arguendo*, that Medlock established a prima facie case of retaliation, Ace met its burden to provide a legitimate, non-retaliatory reason for Medlock's termination.  Both Reese and King testified that in addition to the stated reason for Medlock's termination, they also relied on previous reports of inappropriate conduct by Medlock in making their

decision. The burden then shifts back to Medlock to prove pretext. In order to show pretext for retaliation, Medlock asserts that Ace did not have a good faith belief in Walker's report that she exposed her breasts. Medlock reasons that Ace did not conduct a proper investigation or that the investigation came to the wrong conclusion. While Medlock's proffered evidence might lead a reasonable person to agree that the investigation was deficient, the district court correctly concluded that evidence of an improper investigation does not establish a discriminatory motive. *See Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005). "Management does not have to make proper decisions, only non-discriminatory ones." *Id.* (citing *Little v. Republic Refining Co.*, 924 F.2d 93, 97 (5th Cir. 1991)). Thus, a deficient investigation does not prove pretext for retaliation.

## IV.

Accordingly, the district court prudently examined the issues and properly granted summary judgment for Ace. We AFFIRM.

5