# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20632
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2015

Lyle W. Cayce
Clerk

VALERI DEVERE,

Plaintiff - Appellant

v.

FORFEITURE SUPPORT ASSOCIATES, L.L.C.,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 4:12-cv-03234

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant, Valeri Devere ("Devere"), appeals the district court's summary judgment in favor of Defendant-Appellee, Forfeiture Support Associates, L.L.C. ("FSA"), dismissing Devere's retaliation claim under Title VII. Because Devere has failed to establish a genuine dispute of fact regarding pretext, we AFFIRM the district court's judgment.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20632

## I.    BACKGROUND

Devere was employed by FSA, which provides contract staffing and support services to the Department of Justice. She began her employment with FSA in 2004 and was assigned to the Houston, Texas office of Immigration and Customs Enforcement ("ICE") as a Records Examiner Analyst. Devere's daily assignments were provided to her by ICE Special Agents ("SA"). These assignments included researching assets belonging to targets of ICE investigations. William Griffin ("Griffin") was Devere's immediate supervisor at FSA, although he was stationed in Chicago, Illinois.

From the beginning of Devere's employment with FSA until November 2010, ICE Senior Special Agent ("SSA") Martin Schramm ("Schramm") supervised Devere's work. During those six years, Devere received exemplary performance ratings.

In October 2009, while SSA Schramm was still in charge of Devere's group, Devere alleged that an ICE agent sexually harassed her at work. She reported the harassment to ICE officials and FSA's human resources department, but not to Griffin. Both ICE and FSA's human resources department helped Devere prepare an EEOC complaint in December 2009. Devere's EEOC complaint against the ICE agent was dismissed on December 8, 2010 following a settlement with ICE.[1]

In November 2010—before Devere's EEOC complaint was dismissed but after Devere settled her harassment complaint with ICE—SSA Greenwell replaced SSA Schramm as the ICE agent in charge of Devere's group. Additionally, SA Kathy Ransbury joined Devere's group at that time. Devere alleges that SSA Greenwell and SA Ransbury were friends with the ICE agent

---

[1] The settlement agreement relocated the alleged harasser's office, required him to take sexual harassment training, and instructed him to avoid walking near Devere's office.

that harassed Devere. On this basis, she contends that SSA Greenwell and SA Ransbury began fabricating performance issues and reporting those fraudulent issues to Devere's FSA supervisor, Griffin, in retaliation for her EEOC complaint.

Specifically, SSA Greenwell reported that Devere was reluctant to perform certain tasks because she viewed them as "agent's work" and clerical work. Devere often questioned whether the contract between FSA and ICE required her to do the requested assignments. SSA Greenwell met with Devere about her performance issues, but, according to SSA Greenwell, Devere's complaints continued.

Around this time, Devere talked with Griffin about her concerns that she was being asked to perform tasks outside of the contract between FSA and ICE. Griffin instructed her to perform the tasks requested by the ICE agents.

In January 2011, SSA Greenwell told Griffin that Devere's insubordination created a disruption at the office, created more work for the other analyst, and caused agents to avoid asking Devere to do certain tasks. Griffin contacted Devere to discuss SSA Greenwell's concerns. He explained to Devere that when a new supervisor takes office, such as SSA Greenwell, there may be changes to the requested assignments. Griffin then told Devere that the requested assignments of which Devere complained were included in the contract terms and she was to complete those tasks without objection. Griffin was still unaware at this time that Devere had filed an EEOC complaint over a year earlier alleging sexual harassment.

A week after their meeting, Devere finally told Griffin about the EEOC complaint she filed and her concern that SSA Greenwell was retaliating against her by fabricating work performance issues. Devere maintains that Griffin did not investigate her concerns about SSA Greenwell.

No. 14-20632

In April 2011, Griffin visited the Houston office to address SSA Greenwell's continuing complaints regarding Devere's work performance. Griffin again instructed Devere to cooperate with the agents and respond appropriately to requests for assistance.

On May 25, 2011, SSA Greenwell contacted Griffin and requested that Devere be removed from working at ICE. Pursuant to the terms of the contract, FSA was required to remove any employee at ICE's request. Instead of transferring Devere to a different client, FSA terminated Devere. Griffin testified at his deposition that he did not want to "send the problem somewhere else."

Devere filed a sexual harassment and retaliation claim against FSA. She alleges that her termination from FSA was retaliation for her EEOC complaint in 2009. FSA counters that it terminated Devere because she continued to display poor performance and professionalism. FSA filed a motion for summary judgment. In her response to the motion, Devere abandoned her claim of sexual harassment and only addressed FSA's arguments related to her retaliation claim.[2] The district court granted summary judgment in FSA's favor because Devere failed to produce sufficient evidence of pretext. This appeal followed.

## II.    DISCUSSION

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." We review a district court's order granting summary judgment de novo, viewing the

---

[2] In her brief to this Court, Devere concedes that she has abandoned her sexual harassment claim under Title VII.

evidence in the light most favorable to the non-movant.[3]

Title VII makes it unlawful for an employer to retaliate against an employee who "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."[4] Because Devere presents only circumstantial evidence of retaliation, we must evaluate her claim under the *McDonnell Douglas* burden-shifting framework.[5] Under *McDonnell Douglas*, Devere must first establish a prima facie case of Title VII retaliation.  To do so, Devere must present sufficient evidence "(1) that she engaged in an activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action."[6]  If Devere establishes a prima facie case, the burden then shifts to FSA to state a legitimate, non-retaliatory reason for its decision.[7]   If FSA does so, the burden shifts back to Devere to demonstrate that her deficient performance—the reason FSA assigned for her termination—was actually a pretext for retaliation.[8]

Devere argues that the district court erred in granting summary judgment because she provided sufficient evidence to establish a genuine issue of fact regarding pretext.  Both parties agree that pretext is the sole issue on appeal.  In support of her argument, Devere asserts that FSA refused to investigate SSA Greenwell's complaints about Devere's work performance, and

---

[3] *Medlock v. Ace Cash Express, Inc.*, 589 F. App'x 707, 708 (5th Cir. 2014).

[4] 42 U.S.C. § 2000-e3(a).

[5] *Davis v. Fort Bend Cnty.*,, 765 F.3d 480, 489 (5th Cir. 2014).

[6] *See id.* at 489-90 (quoting *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 551 (5th Cir. 2009)) (internal quotation marks omitted).

[7] *Davis,* 765 F.3d at 490.

[8] *Id.*

therefore FSA lacks a good faith belief in the reason for its termination of Devere. Similarly, Devere argues that FSA failed to investigate her complaints that SSA Greenwell fabricated Devere's performance problems as a means of retaliation. Finally, Devere argues that a genuine dispute of fact exists regarding pretext because FSA failed to follow its own internal policies when Griffin counseled Devere about her insubordination instead of placing her in FSA's progressive discipline system.

Our review of the record persuades us that Devere failed to establish a genuine dispute as to any material fact regarding pretext—that is, to show the real cause for her termination was retaliation and not her performance deficiencies. To satisfy her summary judgment burden, Devere must present evidence that she would not have been terminated but for her filing the EEOC complaint in 2009.[9] There is no summary judgment evidence, other than Devere's subjective belief, that the 2009 EEOC complaint was the cause of her termination.[10] Instead, the summary judgment record makes clear that Devere objected to her work assignments on a regular basis, and her supervisor at FSA terminated her based on her refusal to do her work as supplied by ICE. In fact, Griffin, Devere's immediate supervisor at FSA and the ultimate decision-maker, was unaware that Devere had filed the EEOC complaint until after he formally counseled Devere on her insubordination.[11]

---

[9] *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013).

[10] *Travis v. Bd. of Regents of the Univ. of Tex. Sys.*, 122 F.3d 259, 266 (5th Cir. 1997) (plaintiff's subjective belief alone is insufficient to create a genuine dispute of fact).

[11] According to the summary judgment record, placing Devere in FSA's progressive discipline program or subjecting her to formal counseling is at the discretion of her supervisor. Insubordination is listed in FSA's employee handbook as conduct that could result in immediate termination without the benefit of any progressive discipline.

No. 14-20632

Moreover, the temporal proximity between Devere's filing of the EEOC complaint in December 2009 and her termination in May 2011—approximately fifteen months apart—does not support an inference of pretext.[12]

Finally, Devere argues that Griffin had an obligation to investigate both the statements made to him by SSA Greenwell and Devere's allegation that ICE officials were retaliating against her. However, Griffin's termination of Devere does not have to be a correct decision, only a non-retaliatory one.[13] Griffin can properly rely upon the reports of Devere's onsite supervisor, even if those reports are incorrect. Thus, Devere's argument that Griffin had an obligation to investigate the accusations of SSA Greenwell before terminating her are without merit, especially since Devere admits the validity of these assertions, i.e., that she routinely objected to assignments because she believed they were outside the terms of the contract between FSA and ICE.

It is undisputed that (1) Griffin was unaware of the protected activity at the time Devere's refusal to do her job was brought to his attention, and (2) Devere admits that she routinely objected to work requests from ICE agents. The record therefore reflects no genuine dispute that the cause of Devere's termination was performance related and not a pretext for retaliation. Accordingly, the district court properly granted summary judgment in favor of FSA. We AFFIRM.

---

[12] *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001). Even the temporal proximity between Devere informing Griffin of her filing of the EEOC complaint and her termination—approximately four months—is insufficient to imply pretext. *See Russell v. Univ. of Texas*, 234 F. App'x 195, 206 (5th Cir. 2007) (four-month gap between the protected activity and the adverse employment action cannot support an inference of causation).

[13] *Medlock*, 589 F. App'x at 710 (5th Cir. 2014) (citing *Bryant v. Compass Grp. USA Inc.,* 413 F.3d 471, 478 (5th Cir. 2005)) ("A deficient investigation does not prove pretext for retaliation.").